UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

LARRY RICHARDS,

    Plaintiff,

v.

MARK ESSICK, et al.,

    Defendants.

Case No. 22-cv-04652-LB

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Re: ECF No. 23

## INTRODUCTION

The plaintiff, who is representing himself and proceeding in forma pauperis, sued Sonoma County jail staff (among others) on the grounds that while he was in custody, they denied him phone calls required by California Penal Code § 851.5 and denied him access to his medications, in violation of federal civil-rights laws allowing him the calls, accommodation for his disabilities, and constitutionally adequate medical care. He also claims that the defendants' conduct was intentional infliction of emotional distress (IIED).[1] Sonoma County and Sherriff Mark Essick moved to dismiss the IIED claim under Federal Rule of Civil Procedure 12(b)(6), arguing that the County is immune and there are no factual allegations against Sherriff Essick.[2] The court can

---

[1] Compl. – ECF No. 1 at 1–3. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 23.

ORDER – No. 22-cv-04652-LB

decide the matter without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court denies the motion as to the County and grants the motion without prejudice as to Sherriff Essick.

## STATEMENT

On August 8, 2022, while the plaintiff was assisting his caregiver with legal matters, the two "began arguing over their situation and being late." The plaintiff became "loud and so persons in the area called the police."[3] He was arrested and detained in the Sonoma County Regional Adult Detention Center for eight hours before being released on his own recognizance. His caregiver "dropped the charges instantly, while [he] was being transported" from the place of arrest.[4]

During the detention, the plaintiff — who is "medically fragile" and takes more than twenty "life essential medications" — repeatedly asked jail staff for his medications because his heart was palpitating and he had a migraine headache. The staff denied him access to medications, and he eventually vomited due to the migraine. Less than twenty minutes before his release, staff conducted a medical evaluation, but they did so only because they "needed the paperwork in their files to give the appearance of proper process." This timeline means that he was denied essential medications for over ten hours in total (including eight hours in custody).[5]

The plaintiff also repeatedly asked for access to a phone to try to get access to his medications. Staff denied his requests.[6] In his "seventh hour of incarceration," someone gave him "an alleged code that would operate his phone," but the code did not work.[7] After the code failed, the plaintiff "vociferously complained of still being denied phone calls[,] and nothing was done — in fact [the] defendants laughed."[8]

---

[3] Compl. – ECF No. 1 at 2.

[4] *Id.* at 2–3.

[5] *Id.* at 3.

[6] *Id.*

[7] Mot. for TRO – ECF No. 4 at 3; Telephone Instructions, Ex. 1 to *id.* – ECF No. 4 at 5. Some of the filings may not be subject to judicial notice or consideration under the incorporation-by-reference doctrine. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001). To the extent that the court references those filings, it is for context.

[8] Telephone Instructions, Ex. 1 to *id.* – ECF No. 4 at 5; Mot. for TRO – ECF No. 4 at 3.

Also during the detention, staff members refused to give the plaintiff a wheelchair and cracked his cell window by repeated pounding.[9] In addition, custodial staff "us[ed] extreme force upon [the] plaintiff and lock[ed] him alone into maximum security."[10] And when the detention-center staff converted the plaintiff's cash into a credit card, they effectively prevented him from taking a bus back to where he lives after his release.[11]

The defendants named in the complaint are (1) Sonoma County Sheriff Mark Essick, (2) the people of Sonoma County, (3) Sonoma County, (4) the Sonoma County Regional Adult Detention Center, (5) all staff at the detention center, and (6) 5,000 Doe defendants.[12] Additional defendants identified in the caption of a later motion for a hearing are (7) Brandon Cutting, Professional Standards Lieutenant, (8) James Naugle, Assistant Sheriff, Law Enforcement Division, (9) Eddie Engram, Assistant Sheriff, Detention Division, and (10) Heidi Keith, Chief of Financial and Administrative Services.[13] The plaintiff sues the defendants in their individual and official capacities.[14]

Liberally construed, the plaintiff's claims are as follows: (1) disability discrimination under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, (2) a violation of the Fourteenth Amendment for denial of adequate medical care, (3) a violation of the Fourteenth Amendment for denial of state-mandated phone calls under California Penal Code § 851.5, and (4) intentional infliction of emotional distress.[15]

The court has federal-question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over the state claim under 28 U.S.C. § 1367. All parties consented to magistrate-judge jurisdiction.[16]

---

[9] Exs. to Mot. for TRO – ECF No. 7 at 6.
[10] Id. at 3.
[11] Id. at 6.
[12] Compl. – ECF No. 1 at 1; Order – ECF No. 26.
[13] Mot. for Hr'g – ECF No. 10 at 2.
[14] Compl. – ECF No. 1 at 1; Mot. for Hr'g – ECF No. 10 at 1–2.
[15] Compl. – ECF No. 1 at 2–3.
[16] Consents – ECF Nos. 3, 25.

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up).

Put another way, a complaint must contain sufficient factual allegations that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th Cir. 2020). "[O]nly the *claim* needs to be plausible, and not the facts themselves." *NorthBay*, 838 F. App'x at 234 (citing *Iqbal*, 556 U.S. at 696); *see Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018) (a court must accept the fact allegations "as true and construe them in the light most favorable to the plaintiff") (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (cleaned up). Still, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A court should construe pro se complaints liberally, "particularly in civil rights cases." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Thus, a pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns v. Terhune*, 413 F.3d 1036, 1043 (9th Cir. 2005). But a court "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1182 (9th Cir. 2016) (cleaned up).

## ANALYSIS

First, Sonoma County argues that as a public entity, it is immune from the IIED claim under Cal. Gov't Code § 844.6.[17] That statute provides that unless an enumerated exception applies, "a public entity is not liable for . . . [a]n injury to any prisoner." Cal. Gov't Code § 844.6(a)(2). One exception is set forth in Cal. Gov't Code § 845.6:

> Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but . . . a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

This exception "is not written in terms of causes of action like . . . IIED," and instead applies to "injuries 'proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner.'" *Steel v. Alameda Cnty. Sheriff's Off.*, 428 F. Supp. 3d 235, 244 (N.D. Cal. 2019).

The court denies the County's motion to dismiss. Especially when liberally construed, the allegations underlying the IIED claim plausibly establish that County jail staff knew of a need for immediate medical care, they failed to summon that care, and the plaintiff suffered an injury proximately caused by that failure. (Indeed, the complaint can be construed to assert an independent claim under § 845.6.[18] *See, e.g.*, *Gillespie v. Cnty. of Alameda*, No. 20-cv-03735-DMR, 2020 WL 5106858, at *1 (N.D. Cal. Aug. 31, 2020) (claims can be brought under § 845.6).) That jail stuff conducted a medical evaluation after seven hours of detainment does not change the outcome. *Pajas v. Cnty. of Monterey*, No. 16-cv-00945-LHK, 2016 WL 3648686, at *14 (N.D. Cal. July 8, 2016) (denying motion to dismiss § 845.6 claim where the defendant "did

---

[17] Mot. – ECF No. 23 at 4–5.

[18] Compl. – ECF No. 1 at 3 ("Plaintiff was denied all of his desperately needed medications!").

not summon medical care for four hours"). It also does not change the outcome that the plaintiff does not mention § 845.6 in his complaint and instead asserts an IIED claim. *See Resendiz v. Cnty. of Monterey*, No. 14-cv-05495-LHK, 2015 WL 3988495, at *8 (N.D. Cal. June 30, 2015) (§ 845.6 was a viable statutory basis for public-entity liability for negligent-supervision and wrongful-death claims even though § 845.6 was not cited in the complaint).

Second, as Sherriff Essick argues, there are no allegations against him to support the IIED claim.[19] IIED claims can be brought only against "those defendants who were personally involved in the alleged wrongs." *Johnson v. Davis*, No. 20-cv-04023-LHK, 2021 WL 5927897, at *3 (N.D. Cal. Dec. 3, 2021). The court thus dismisses the IIED claim against Sherriff Essick without prejudice.

## CONCLUSION

The court denies Sonoma County's motion to dismiss the IIED claim and grants without prejudice Sherriff Essick's motion to dismiss that claim. The plaintiff may file an amended complaint by February 3, 2023.

**IT IS SO ORDERED.**

Dated: January 6, 2023

LAUREL BEELER
United States Magistrate Judge

---

[19] Mot. – ECF No. 23 at 5–6.